|  |  |
|---|---|
| R.K.C.J., LLC, Plaintiff<br>v.<br>TXRB Holdings, Inc. DBA<br>Texas Republic Bank, Defendant | IN THE UNITED STATES DISTRICT COURT FOR THE<br><br>NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION<br><br>Docket No. |

## COMPLAINT

### NATURE OF CLAIM

1. This is a proceeding for declaratory and injunctive relief and monetary damages to redress the deprivation of rights secured to plaintiff by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983, and the Civil Rights Act of 1964, as amended in 1972, and to achieve redress for violation of the provisions of the Equal Credit Opportunity Act, 15 U.S.C. §1691 et seq.

### JURISDICTION and VENUE

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1343(3) , 1343(4) and 1345, conferring original jurisdiction upon this court of any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, under the Declaratory Judgment Statute, 22 U.S.C. § 2201, under 42 U.S.C. §§ 1981 and 1983,  under Title VII, 42 U.S.C. §§ 2000e, et seq. , and under 42 U.S.C.§3614. The court's pendent jurisdiction of claims arising under Texas law is invoked.  Venue is proper pursuant to 28 U.S.C. §1391.

3. Plaintiff, R.K.C.J., LLC, is a Texas limited liability company, existing and organized to do business at 1801 E. Wheatland Road, Dallas, Texas 75241. Plaintiff is owned by Robert J. Pitre and Katrina Pire 100%. ("Pitres"). The Pitres are of African American descent. Defendant, TXRB Holdings, Inc., DBA Texas Republic Bank,  is a banking organization, organized and existing in the State of Texas. Defendant may be served by serving its registered agent for service process, David Baty, 2595 Preston Rd., #100, Frisco, Texas 75034.

### STATEMENT OF FACTS

4. On or  about January 14, 2020, Defendant met with Plaintiff thru its commercial bank officer, Mr. Daniel Nam, to review land holdings and improvements owned by Plaintiff that Plaintiff sought to refinance an existing $1.6 million dollar held by Hancock Whitney Bank, N.A., as successor to Mid-South Bank, N.A., and also obtain an additional $200,000 line of credit. During this meeting, Defendant was provided with documentation of the Plaintiff's myriad the real estate holdings, attached hereto as Exhibits A and A-1. The bulk of these assets are free and clear of liens and add up to over $15 million in value.

5. The very next day, January 15. 2020, Plaintiff thru his attorney sent to Defendant, c/o Mr. Daniel Nam, transmittals attached hereto as Exhibits "B" and "C", appropriately redacted to delete personal identification tax numbers, of the tax returns for the previous three years for **Defendant and the personal** principals that own 100% of the membership interest of Defendant. These tax returns showed substantial earnings from sales of real estate over the past three years in excess of $2.4 million.

6. Plaintiff also provided Defendant, c/o Mr. Daniel Nam, with a partially executed option agreement, dated December 2019, with the representation that it had been completely executed and partially funded, where Defendant had sold a 27 acre tract listed in the financials to the Texas Central Railroad for an aggregate consideration of $3 million dollars, of which $600,000 had already been advanced, and another $400,000 would be advanced In June 2020, with the balance due December 31, 2020 in the amount of $2,000,000.

7. Plaintiff was also provided with an appraisal of the 65 acres owned by Defendant, conducted by Mid-South Bank, which appraised the land and improvements in excess of $10 million dollars. Said appraisal is attached hereto as Exhibit "E".

8. Plaintiff also advised that it would move its bank deposits to the Defendant in excess of $200,000.

9. In response to this application, Defendant, thru Mr. Nam, verbally responded that any loan that would be provided would be secured by a first lien on the entire 65 acres, and a complete assignment of the option agreement. This would be $13 million collateral to secure a refinancing of $1.6 million and a line of credit of $200,000.

10. When Mr. Nam was requested to confirm these onerous terms in writing, Defendant chose to reply that Plaintiff had withdrawn its loan application rather than specify and repeat the onerous terms that were verbally discussed.

## FIRST COUNT

11. Plaintiff repeats and realleges each and every allegation in paragraphs 4-10 as though set forth herein in full.

12. Plaintiff believes that the onerous terms provided would not have been provided to any Anglo Borrower of similar means. The Defendant's actions, as described in this complaint, constituted discrimination on the basis of race, or national origin, with respect to credit transactions in violation of 15 USC § 169(a)(1), and Plaintiff is an aggrieved person as defined in 42 USC §3602(i) and the Equal Credit Opportunity Act, and Plaintiff has suffered damages as a result of defendant's conduct as described in this complaint.

13. The Defendant's actions were discriminatory practices that were intentional and willful and were with deliberate disregard for the rights of Plaintiff as an African American owned enterprise.

**SECOND COUNT**

14. Plaintiff repeats and realleges each and every allegation in paragraphs 4 through 10 as though set forth herein in full.

15. Defendant has intentionally discriminated against plaintiff in violation of the Civil Rights Act of 1871 and the Texas Human Rights Law causing pain, suffering and humiliation.

WHEREFORE, plaintiff respectfully requests that this court grant the following relief:

Enter a declaratory judgment that the acts and practices of defendant complained of herein are in violation of the laws of the United States and the State of Texas.
Permanent Enjoin Defendant from refusing to extend credit on same or similar terms given to Anglo Americans.
Award plaintiff compensatory and punitive damages.
Award plaintiff the costs of this action, together with reasonable attorney's fees.
Grant plaintiff such other and further relief as to this court appears necessary and proper.

Respectfully submitted,

/s/ Kevin S. Wiley, Sr.
Wiley Law Group, PLLC
Texas State Bar No. 214707000
325 N. St. Paul Street, Ste. 2250
Dallas, Texas 75201
(214) 537-9572 (M)
(972) 498-5717 (FAX)
kwiley@wileylawgroup.com
COUNSEL FOR PLAINTIFF,
RKCJ, LLC