IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **R.K.C.J., LLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-cv-00848-N |
| | § | Judge David C. Godbey |
| **TXRB Holdings, Inc. d/b/a** | § | |
| **Texas Republic Bank,** | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT
PURSUANT TO RULE 12(B)(6) AND BRIEF IN SUPPORT**

**Tom ("Trey") H. Crawford, III**
Texas State Bar No. 24059623
tcrawford@cwl.law
**Jason T. Weber**
Texas State Bar No. 24075251
jweber@cwl.law

**CRAWFORD, WISHNEW & LANG, PLLC**
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone: (214) 817-4500
Facsimile: (214) 817-4509

*Counsel for Defendants TXRB Holdings,
Inc. and Texas Republic Bank*

# TABLE OF CONTENTS

I. SUMMARY OF MOTION AND PRELIMINARY STATEMENT .................................................................. 1

II. STANDARD OF REVIEW .................................................................................................................. 2

III. ARGUMENTS AND AUTHORITIES ................................................................................................... 4

    A.  Plaintiff Fails to State a Claim Under the EQUAL CREDIT OPPORTUNITY ACT (*i.e.*, 15 U.S.C. § 1691) .................................................................................................. 4

    B.  Plaintiff Fails to State a Claim Under the Federal Civil Rights Acts (*i.e.*, Title 42 of the United States Code) ......................................................................................... 8

        i.  42 U.S.C. § 1981 .................................................................................................. 8

        ii.  42 U.S.C. § 1983 ................................................................................................ 10

        iii.  42 U.S.C. §§ 2000e, *et seq.* ............................................................................... 10

        iv.  42 U.S.C. § 3602(i) ............................................................................................. 11

        v.  42 U.S.C. § 3614 ................................................................................................. 11

    C.  Plaintiff Fails to State a Claim under the TEXAS COMMISSION ON HUMAN RIGHTS ACT (*i.e.*, TEX. LAB. CODE §§ 21.001, *et seq.*) ............................................................. 12

    D.  Plaintiff Fails to State a Claim for Declaratory Relief (*i.e.*, 28 U.S.C. § 2201) ............ 13

IV. CONCLUSION ............................................................................................................................... 14

# TABLE OF AUTHORITY

**Cases**

*Alexander v. AmeriPro Funding, Inc.*,
    848 F.3d 698 (5th Cir. 2017) .................................................................................................. 5

*Alief Indep. Sch. Dist. v. Brantley*,
    558 S.W.3d 747 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) .................................. 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...................................................................................................... 3, 4, 6, 9

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .......................................................................................................... 3, 6, 9

*Boardley v. Houshold Fin, Corp. III*,
    39 F. Supp. 3d 689 (D. Md. 2014) ........................................................................................ 6, 9

*Bojorquez v. Wells Fargo Bank, N.A.*,
    No. 6:12–cv–2077–AA, 2013 WL 6055258 (D. Or. Nov.7, 2013) ............................................ 6

*Coleman v. Maryland Court of Appeals*,
    626 F.3d 187 (4th Cir. 2010) .................................................................................................... 4

*Combs v. Bank of Am., N.A.*,
    No. GJH- 14-3372, 2015 WL 5008754 (D. Md. Aug. 20, 2015) ............................................... 6

*Cuvillier v. Taylor*,
    503 F.3d 397 (5th Cir. 2007) ................................................................................................ 3, 4

*Egbukichi v. Wells Fargo Bank, NA*,
    184 F. Supp. 3d 971 (D. Or. 2016) ............................................................................................ 5

*Greco v. Orange Mem'l Hosp. Corp.*,
    513 F.2d 873 (5th Cir. 1975) .................................................................................................. 10

*Harold H. Huggins Realty, Inc. v. FNC, Inc.*,
    634 F.3d 787 (5th Cir. 2011) .................................................................................................... 3

*Jones v. Caliber Home Loans, Inc.*,
    No. CV-18-1023-SDD-EWD, 2019 WL 3366104 (M.D. La. July 25, 2019) ........................ 5, 7

*Joseph v. Lewis*,
    70 F.3d 1267 (5th Cir. 1995) .................................................................................................. 10

*Landscape Design and Constr., Inc. v. Transport Leasing/Contract, Inc.*,
    No. 3:00-CV-0906-D, 2002 WL 257573, at *10 (N.D. Tex. Feb.19, 2002) ........................... 13

*McDonnell Douglas Corp. v. Green*,
 411 U.S. 792 (1973) ................................................................................................. 4

*Montano–Valdez v. Wells Fargo Bank, N.A.*,
 No. H–13–3078, 2014 WL 69886 (S.D. Tex. Jan. 8, 2014) ........................................... 6

*Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*,
 170 F.R.D. 361 (S.D.N.Y. 1997) .............................................................................. 13

*Pullins v. Hancock Whitney Bank*,
 No. CV 19-00006, 2020 WL 1450560 (M.D. La. Mar. 25, 2020) ................................. 7

*Reece v. Countrywide Home Loans Inc.*,
 No. 7:06-CV-181-0, 2008 WL 4559809 (N.D. Tex. Oct. 10, 2008) .............................. 4

*Vasquez v. Bank of America, N.A.*,
 No. 13–cv–02902–JST, 2013 WL 6001924 (N.D. Cal. Nov. 9, 2013) ........................... 6

*Xtria LLC v. Tracking Sys., Inc.*,
 No. 3:07-CV-0160-D, 2007 WL 1791252 (N.D. Tex. June 21, 2007) ......................... 13

**Statutes**

15 U.S.C. § 1691 ............................................................................................................. 1, 4

22 U.S.C. § 2201 ................................................................................................................. 1

28 U.S.C. § 2201 ........................................................................................................... 1, 13

42 U.S.C. § 1981 ......................................................................................................... 1, 8, 9

42 U.S.C. § 1983 ....................................................................................................... 1, 8, 10

42 U.S.C. § 2000e ................................................................................................. 1, 8, 10, 11

42 U.S.C. § 3602 ..................................................................................................... 1, 8, 11

42 U.S.C. § 3614 ................................................................................................. 1, 8, 11, 12

42 U.S.C. §§ 3604-06 ....................................................................................................... 11

Tex. Lab. Code § 21.051 ................................................................................................. 12

Tex. Lab. Code §§ 21.001, *et seq.* ............................................................................. 1, 12

Tex. Lab. Code Ann. § 21.202 ........................................................................................ 12

**Rules**

FED. R. CIV. P. 12(b)(6) ........................................................................................................... 2, 3

# I.
## SUMMARY OF MOTION AND PRELIMINARY STATEMENT

1.  The *Complaint* (Dkt. 1), filed by Plaintiff R.K.C.J., LLC ("Plaintiff"), purports to bring a collection of civil rights claims against "TXRB Holdings, Inc. d/b/a Texas Republic Bank"[1] under the following eight statutes: (i) 15 U.S.C. § 1691;[2] (ii) 22 U.S.C. § 2201;[3] (iii) 42 U.S.C. § 1981;[4] (iv) 42 U.S.C. § 1983;[5] (v) 42 U.S.C. §§ 2000e, *et seq.*;[6] (vi) 42 U.S.C. § 3602(i);[7] (vii) 42 U.S.C. § 3614;[8] and (viii) TEX. LAB. CODE §§ 21.001, *et seq.*[9] Each claim is premised on Plaintiff's assertion that Defendants engaged in racial discrimination against Plaintiff's majority member in the course of the preliminary diligence phase of a potential lending transaction which Plaintiff withdrew from before any terms were even given.

2.  *First*, this alleged discrimination is stated in the most conclusory, speculative

---

[1] There is no such entity. Texas Republic Bank is a nationally chartered community bank. TXRB Holdings, Inc. is the holding company for Texas Republic Bank. Rather than challenge this pleading defect, this responsive pleading is filed by both TXRB Holdings, Inc. and Texas Republic Bank (collectively, "Defendants").

[2] *See* Pl.'s Orig. Compl., ¶ 1 (Dkt. 1). In paragraph 12 of the *Complaint*, Plaintiff references "15 U.S.C. § 169(a)(1)." This appears to be a typo, since no such statute exists and Plaintiff's reference to the EQUAL CREDIT OPPORTUNITY ACT (paragraph 1), as well as its allegations of race discrimination in a lending transaction, suggest an intended reference to 15 U.S.C. § 1691(a)(1), which provides:

> **(a) Activities constituting discrimination**
>
> It shall be unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction--
>
> **(1)** on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract) . . . .

15 U.S.C. § 1691(a)(1). Accordingly, Defendants' discussion is confined to Plaintiff's putative claim pursuant to 15 U.S.C. § 1691.

[3] *See* Pl.'s Orig. Compl., ¶ 2 (Dkt. 1). Plaintiff's reference to "22 U.S.C. § 2201" (Assistance to Disadvantaged Children in Asia) appears to be a typo. It is presumed that Plaintiff intended to reference 28 U.S.C. § 2201 (Declaratory Judgments). Accordingly, Defendants' discussion is confined to a putative claim pursuant to 28 U.S.C. § 2201.

[4] *See* Pl.'s Orig. Compl., ¶¶ 1 & 2 (Dkt. 1).

[5] *See id.*

[6] *See id.* at ¶ 2.

[7] *See id.* at ¶ 12

[8] *See id.* at ¶ 2.

[9] *See id.* at ¶ 15. Plaintiff alleges a violation of the "Texas Human Rights Law." Defendant understands this to be a reference to the TEXAS COMMISSION ON HUMAN RIGHTS ACT ("TCHRA"), codified in TEX. LAB. CODE §§ 21.001, *et seq.* Accordingly, Defendants' discussion of Plaintiff's "Human Rights Law" claim is confined to claims arising under TEX. LAB. CODE §§ 21.001, *et seq.*

terms and supported only by Plaintiff's subjective, unsubstantiated, and threadbare allegations which—even assuming they were true—do not state a claim for which relief can be granted. Plaintiff admittedly withdrew his application early in the underwriting phase before loan terms could be discussed and finalized.[10] These allegations do not meet the *Twombly/Iqbal* pleading standard and are insufficient to state a claim upon which relief may be granted. Consequently, dismissal of all of Plaintiff's claims is appropriate because each claim is entirely bereft of any factual or legal grounds that would suggest Plaintiff is plausibly entitled to relief. Simply put, Plaintiff's *Complaint* fails to articulate facts which, if taken as true, demonstrate that actions were taken against it as a result of race.

3. *Second*, setting aside the deficiency of Plaintiff's factual allegations, several of the statutory provisions that form the basis for Plaintiff's claims provide no private right of action for the type of conduct alleged in Plaintiff's *Complaint*. Moreover, Plaintiff—the party with the burden of proof—fails to allege one or more statutory elements supporting its remaining causes of action.

4. In this manner, Plaintiff's *Complaint* fails to meet the most basic pleading requirements, and cannot survive a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). These actions should not be allowed and Plaintiff's claims are ripe for dismissal pursuant to FED. R. CIV. P. 12(b)(6).

## II.
### STANDARD OF REVIEW

5. FED. R. CIV. P. 12(b)(6) authorizes dismissal of a complaint for failure to state a claim upon which relief can be granted. "To survive a Rule 12(b)(6) motion to dismiss, a complaint

---

[10] *See* Pl.'s Orig. Compl., ¶ 10 (Dkt. 1).

'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. *Twombly*, 550 U.S. at 555 & n.3. Thus, while a court must accept all factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

6.  Moreover, to survive a motion to dismiss for failure to state a claim, the facts pled must allow the court to infer that the plaintiff's right to relief is plausible. *Id*. at 678. Under a Rule 12(b)(6) analysis, "'the plaintiff [must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (*quoting Iqbal*, 556 U.S. at 678). A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct. *Id.* To allege a plausible right to relief, the facts pled must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. *Twombly*, 556 U.S. at 566–69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and

the court.'" *Cuvillier*, 503 F.3d at 401 (internal citation omitted).

## III.
### ARGUMENTS AND AUTHORITIES

**A. Plaintiff Fails to State a Claim Under the EQUAL CREDIT OPPORTUNITY ACT (*i.e.*, 15 U.S.C. § 1691)**

7.　　Plaintiff's core claim against Defendants appears to be a lending discrimination claim under the EQUAL CREDIT OPPORTUNITY ACT ("ECOA").[11] The ECOA prohibits "any creditor" from discriminating against "any applicant with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex, or marital status, or age." 15 U.S.C. § 1691(a).

8.　　To succeed on an ECOA claim, a plaintiff must plead and provide direct evidence of unlawful discrimination or, if direct evidence is lacking, follow the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see also Reece v. Countrywide Home Loans Inc.*, No. 7:06-CV-181-0, 2008 WL 4559809, at *2 (N.D. Tex. Oct. 10, 2008) ("Race discrimination claims brought pursuant to the ECOA employ the same burden-shifting analysis conducted in Title VII cases.").

9.　　"To survive a motion to dismiss, the complaint must 'state[] a plausible claim for relief' that 'permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679), aff'd sub nom. *Coleman v. Court of Appeals of Maryland*, 132 S. Ct. 1327 (2012). "More specifically, the complaint must plausibly allege that (1) plaintiff was an 'applicant;' (2) the defendant was a 'creditor;' and (3) the defendant

---

[11] *See id.* at ¶ 12.

discriminated against the plaintiff with respect to any aspect of a credit transaction on the basis of the plaintiff's membership in a protected class. *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 705–06 (5th Cir. 2017) (quoting 15 U.S.C. §§ 1691(a), 1691a(b), 1691a(e), 1691e(a)).

10.     With respect to the third element, "[a] claimant can establish a racial discrimination complaint under the . . . ECOA by showing disparate treatment, which is deliberate discrimination that results in treating some people less favorably than others because of a protected trait." *Jones v. Caliber Home Loans, Inc.*, No. CV-18-1023-SDD-EWD, 2019 WL 3366104, at *5 (M.D. La. July 25, 2019) (internal citations and quotations omitted). Facts that might plausibly suggest that the denial of credit was because of or on the basis of an applicant's protected status may include: (i) that the applicant was qualified to receive credit and was denied credit, or offered less favorable terms, despite being qualified; (ii) facts demonstrating discriminatory animus or treatment by the defendant; or (iii) that persons not within the protected class were granted extensions of credit by the defendant. *Egbukichi v. Wells Fargo Bank, NA*, 184 F. Supp. 3d 971, 980 (D. Or. 2016).

11.     Plaintiff's *Complaint* does not come close to satisfying this pleading standard for several reasons. Plaintiff does not adequately allege it was qualified for less "onerous" credit terms than those purportedly offered by Defendants.[12] Throughout the *Complaint*, Plaintiff offers allegations concerning its assets, income, and ownership structure.[13] But Plaintiff offers no factual allegations regarding the requirements necessary for credit approval on the less "onerous" terms Plaintiff surmises were available to white applicants. Nor does Plaintiff allege facts sufficient "to raise a right to relief above the speculative level," that Plaintiff's application met these

---

[12] *See id.* at ¶¶ 10 & 12.
[13] *See id.* at ¶¶ 4-8; *see id.* at Ex. A-1.

requirements. *See Iqbal,* 556 U.S. 678–79.

12. A number of federal courts have found similar pleadings insufficient to state a plausible claim of discrimination under the ECOA. *See, e.g., Combs v. Bank of Am., N.A.*, No. GJH-14-3372, 2015 WL 5008754, at *3 (D. Md. Aug. 20, 2015) ("Although she alleges that she is a member of a protected class, she fails to adequately allege that she met the qualifications for loan modification and was denied despite her qualifications. In fact, Plaintiff does not indicate what qualifications were at issue."); *Montano–Valdez v. Wells Fargo Bank, N.A.*, No. H–13–3078, 2014 WL 69886, at *2 (S.D. Tex. Jan. 8, 2014) ("[ECOA Plaintiff] does not allege any specific facts showing that she qualified for the loan modification she sought, or that others who were similarly situated but outside her protected class received the loan she was denied. Courts addressing motions to dismiss similar allegations have found pleadings too conclusory and skeletal to proceed.") (collecting cases); *Boardley v. Household Fin. Corp. III*, 39 F. Supp. 3d 689, 711 (D. Md. 2014) ("[B]ecause . . . Plaintiffs do not allege their qualifications, Plaintiffs' pleadings fall short with regard to their ECOA lending discrimination claim."); *Bojorquez v. Wells Fargo Bank, N.A.,* No. 6:12–cv–2077–AA, 2013 WL 6055258, at *6 (D. Or. Nov.7, 2013) ("[B]eyond merely concluding that they were 'refus[ed] the loan for which [they were] qualified,' plaintiffs do not . . . allege any facts demonstrating that they were, in fact, eligible for credit and nonetheless denied.") (dismissing ECOA claim); *Vasquez v. Bank of America, N.A.*, No. 13–cv–02902–JST, 2013 WL 6001924, at *13 (N.D. Cal. Nov. 9, 2013) ("[ECOA Plaintiff] must also allege specific facts, not mere conclusory assertions, demonstrating that [plaintiff] was "qualified for credit."). Similarly, Plaintiff's unadorned and conclusory assertion that Defendants verbally suggested that "any loan that would be provided would be secured by a first lien on the entire 65 acres, and a complete assignment of the option agreement" does not meet the *Twombly/Iqbal* pleading standard.

13.     In addition, Plaintiff's allegations do not reflect any discriminatory animus or treatment by Defendants. Instead, the *Complaint* reflects only a professional introduction, a preliminary exchange of information, and run-of-the-mill communications one would expect to see in the early due diligence stage of a potential lending transaction..[14] "Plaintiff had withdrawn its loan application" before the parties got any further.[15] These threadbare allegations fail to demonstrate that actions were taken against Plaintiff as a result of race.

14.     Finally, Plaintiff's allegations do not suggest that similarly qualified white applicants were, in fact, granted less "onerous terms" sought by Plaintiff. In fact, Plaintiff does not even plead the specific material terms of any lending transaction—much less terms Plaintiff was seeking. The only factual allegation suggesting discriminatory treatment is Plaintiff's threadbare supposition that a hypothetical white, but similarly qualified applicant, *might* receive a better deal than the one Plaintiff withdrew from before terms could even be offered by Defendants.[16] Yet, "[o]ne conclusory allegation in support of a claim under the ECOA is not sufficient to withstand a challenge under Rule 12(b)(6)." *Pullins v. Hancock Whitney Bank*, No. CV 19-00006, 2020 WL 1450560, at *4 (M.D. La. Mar. 25, 2020); *see also Jones,* 2019 WL 3366104, at *5 ("Plaintiff offered only vague and conclusory allegations which are legally insufficient to establish a claim for disparate treatment.").

15.     Therefore, because Plaintiff's conclusory and skeletal ECOA claim contains no factual allegations showing Plaintiff's qualification for less "onerous" credit terms, or a denial of such favorable terms on the basis of race, it cannot withstand scrutiny under Rule 12(b)(6), and dismissal is appropriate. Moreover, because Plaintiff admittedly withdrew its application before

---

[14] *See id.* at ¶¶ 4–10.
[15] *See id.* at ¶ 10.
[16] *See id.* at ¶ 12.

complete loan terms were even discussed, any amendment to Plaintiffs' *Complaint* would be futile.[17] As such, Plaintiff's ECOA claim should be dismissed with prejudice. *See Jones,* 2019 WL 3366104, at *7 (dismissing ECOA claim with prejudice when any amendment would be futile).

**B. Plaintiff Fails to State a Claim Under the Federal Civil Rights Acts (*i.e.*, Title 42 of the United States Code)**

16. In addition to its ECOA claim, Plaintiff asserts a laundry list of claims under Title 42 of the United States Code. Specifically, Plaintiff invokes: (i) 42 U.S.C. § 1981;[18] (ii) 42 U.S.C. § 1983;[19] (iii) 42 U.S.C. § 2000e;[20] (iv) 42 U.S.C. § 3602(i);[21] and (v) 42 U.S.C. § 3614.[22] For the reasons set forth below, Plaintiff's "see what sticks approach" to civil rights litigation is unavailing. No viable claim has been asserted by Plaintiff under Title 42 (or otherwise).

   *(i)   42 U.S.C. § 1981*

17. Section 1981 creates a private cause of action against private actors who interfere with a claimant's right to contract on the basis of race. 42 U.S.C. § 1981. To state a *prima facie* case of discrimination under 42 U.S.C. § 1981 in the context of goods and services, such as a line of credit, a plaintiff must allege: (i) it is a member of a protected class; (ii) it sought to enter into a contractual relationship with the defendant; (iii) it met the defendant's ordinary requirements to pay for and to receive goods or services ordinarily provided by the defendant to other similarly situated customers; and (iv) it was denied the opportunity to contract for goods or services that were otherwise afforded to white customers. *See Boardley*, 39 F. Supp. 3d at 710.

---

[17] *See id.* at ¶ 10.
[18] *See id.* at ¶¶ 1 & 2.
[19] *See id.*
[20] *See id.* at ¶ 2.
[21] *See id.* at ¶ 12
[22] *See id.* at ¶ 2.

18.     Given these pleading requirements, Plaintiff's Section 1981 claim cannot withstand Rule 12(b)(6) scrutiny for the same reasons as its ECOA claim. Namely, Plaintiff has not plead facts showing its qualification for the less "onerous" loan terms sought. Nor has Plaintiff alleged facts showing the alleged denial of these favorable terms was motivated by Plaintiff's race or membership in a protected class. Indeed, Plaintiff admittedly withdrew its application in the early due diligence phase prior to the point where final loan terms could even be discussed. Moreover, Plaintiff's *Complaint* is devoid of allegations that any credit terms purportedly offered to Plaintiff were different than those actually offered to similarly qualified white applicants.[23] There is only Plaintiff's unsubstantiated conjecture that, hypothetically, if similarly qualified white applicants were to apply, they might be offered more favorable terms than Plaintiff may have been offered had it not withdrawn its application before underwriting was complete.

19.     But these highly speculative allegations based solely on a hypothetical circumstance and Plaintiff's conjecture as to Defendants' conduct, should such a situation arise, do not meet the *Twombly/Iqbal* pleading standard, and are insufficient to state a Section 1981 claim. *Twombly*, 550 U.S. at 550; *Iqbal,* 556 U.S. at 679; *Boardley*, 39 F. Supp. 3d at 710 ("While Plaintiffs have alleged that they are African–American, that they sought a line of credit from Defendants, and that they were denied the loan they initially sought . . . they have not stated a claim under the Civil Rights Act. Fatally, Plaintiffs fail to claim that they were qualified for the line of credit they sought. . . . Additionally, Plaintiffs make only unsupported vague claims with regard to the treatment of the protected class in comparison to others outside the class, such as that Defendants' pricing policy "had a significant and pervasive adverse impact on black

---

[23] *See id.* at ¶¶ 9-10.

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(B)(6) AND BRIEF IN SUPPORT**    PAGE 9

homeowners,"… and that "black[s] and Hispanics paid disparately more discretionary charges (both in frequency and amount)" and higher interest rates "than similarly situated whites[.]" . . . Consequently, Plaintiffs offer only conclusory allegations that others outside their protected class received loans on more favorable terms. These threadbare recitals of the elements of [the] cause of action, supported by mere conclusory statements, do not suffice.") (internal quotations and citations omitted)). Accordingly, Plaintiff fails to state a plausible claim for relief pursuant to Section 1981.

    *(ii)*    **42 U.S.C. § 1983**

20.    Section 1983 creates a private cause of action against actors who, "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia," interfere with a claimant's right to contract on the basis of race. 42 U.S.C. § 1983. "A plaintiff must allege and prove two elements to recover under § 1983: (1) deprivation of a right secured by the Constitution or laws of the United States, and (2) that the defendant acted 'under color of state law.'" *Joseph v. Lewis*, 70 F.3d 1267 (5th Cir. 1995). The "under color of law" provision of this section is congruent to the "state action" concept. *Greco v. Orange Mem'l Hosp. Corp.*, 513 F.2d 873, 878 n.7 (5th Cir. 1975). The "state actor" requirement is essential to a right of action under Section 1983. *Id.* at 877–78 ("Section 1983 and the Fourteenth Amendment do not preclude invidious discrimination by private parties.").

21.    In this case, Plaintiff does not allege (explicitly or implicitly) that Defendants, a private financial institution (and holding company), are a state actor—nor can it. Thus, Plaintiff fails to state a claim for relief pursuant to Section 1983.

    *(iii)*    **42 U.S.C. §§ 2000e, et seq.**

22.    Section 2000e defines a number of terms as used in the CIVIL RIGHTS ACT OF

1871. *See* 42 U.S.C. § 2000e. Plaintiff appears to cite this statute as a putative basis for its claimed entitlement to relief.[24] However, Section 2000e does not create a private right of action. *See id.* Accordingly, to the extent Plaintiff alleges a cause of action pursuant to Section 2000e, Plaintiff states no claim for which relief may be granted.

    *(iv)*    *42 U.S.C. § 3602(i)*

23.    The federal FAIR HOUSING ACT ("FHA"), of which Section 3602(i) is part, gives "persons" a cause of action for discrimination in one of four enumerated transaction types: (i) sale of housing; (ii) rental of housing; (iii) residential real estate transactions; and (iv) brokerage services. *See* 42 U.S.C. §§ 3604-06.

24.    Section 3602(i), upon which Plaintiff relies in support of its causes of action, contains a list of statutory "persons" to whom the FHA's protections applies. *See* 42 U.S.C. § 3602(i). Notably absent from this list is limited liability companies, like Plaintiff. *See id.*

25.    Even assuming, *arguendo*, that Plaintiff is a "person" with a right of action under the FHA, Plaintiff has alleged no facts suggesting this case involves any of the four types of transactions governed by the FHA. *See* 42 U.S.C. §§ 3604–06. Accordingly, Plaintiff fails to state a claim for relief pursuant to the FHA.

    *(v)*    *42 U.S.C. § 3614*

26.    Section 3614 grants the United States Attorney General the right to bring a cause of action in the federal courts based on:

> (i) reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this subchapter, or that any group of persons has been denied any of the rights granted by this subchapter and such denial raises an issue of general

---

[24] *See id.* at ¶ 2.

>        public importance; or
>
>   (ii) referral by the Secretary of HUD of a discriminatory housing practice or a conciliation agreement for enforcement.

42 U.S.C. § 3614. Section 3614 also gives the Attorney General the right to enforce subpoenas under the section, and grants anyone the right to <u>*intervene*</u> in an action commenced by the Attorney General pursuant to the section.

27.     Importantly though, Section 3614 does not create a private right of action (aside from the right to intervene in lawsuits commenced by the Attorney General). Thus, to the extent Plaintiff's claims arise under Section 3614, Plaintiff fails to allege a claim for which relief may be granted.

**C. Plaintiff Fails to State a Claim under the TEXAS COMMISSION ON HUMAN RIGHTS ACT (*i.e.*, TEX. LAB. CODE §§ 21.001, *et seq.*)**

28.     Aside from its federal claims, Plaintiff invokes the Court's pendent jurisdiction over a putative claim for violation of the TEXAS COMMISSION ON HUMAN RIGHTS ACT ("TCHRA").[25] Under the TCHRA:

> An employer commits an unlawful employment practice if because of race, color, disability, religion, sex, national origin, or age the employer . . . discharges an individual or discriminates in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment.

TEX. LAB. CODE § 21.051; *Alief Indep. Sch. Dist. v. Brantley*, 558 S.W.3d 747, 752 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). Notably, the protections of the TCHRA—which is codified in the TEXAS LABOR CODE—extend only to employment discrimination cases.[26] Since Plaintiff has alleged no employer-employee relationship or related discrimination here, and no

---

[25] *See id.* at ¶ 2; *see also* TEX. LAB. CODE §§ 21.001, *et seq.*
[26] In addition, an individual who chooses to assert a discrimination claim under the TCHRA must first exhaust his/her administrative remedies before filing suit. *See, e.g.*, TEX. LAB. CODE ANN. § 21.202(a).

such relationship exists, Plaintiff fails to state a claim under the TCHRA.

### D. Plaintiff Fails to State a Claim for Declaratory Relief (*i.e.*, 28 U.S.C. § 2201)

29. Subject to certain statutory limits, a federal court has discretion to grant declaratory relief in "a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201. In such cases of "actual controversy," a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." *Id.*

30. Subject to certain statutory limits, a federal court has discretion to grant declaratory relief in "a case of actual controversy within its jurisdiction." 28 U.S.C. § 2201. In such cases of "actual controversy," a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." *Id.*

31. Importantly, the "actual controversy" requirement is not satisfied and declaratory judgment is not available where a claimant merely prays for judicial declaration of the merits of claims already before the court. *See Xtria LLC v. Tracking Sys., Inc.*, No. 3:07-CV-0160-D, 2007 WL 1791252, at *3 (N.D. Tex. June 21, 2007) (dismissing pursuant to Rule 12(b)(6) motion declaratory judgment action that sought resolution of substantive claim that was already basis of lawsuit); *Old Republic Ins. Co. v. Hansa World Cargo Serv., Inc.*, 170 F.R.D. 361, 386 (S.D.N.Y. 1997) ("Here, ORIC simply seeks a declaratory judgment concerning the claims raised in the remainder of its Complaint. As such, those claims are an improper subject for a declaratory judgment."); *see also Landscape Design and Constr., Inc. v. Transport Leasing/Contract, Inc.*, No.

3:00-CV-0906-D, 2002 WL 257573, at *10 (N.D. Tex. Feb.19, 2002) (granting summary judgment on declaratory judgment action that sought resolution of substantive claims that were already basis of lawsuit).

32. In this case, aside from its claims for damages and injunctive relief, Plaintiff prays for "a declaratory judgment that the acts and practices of defendant complained of herein are in violation of the laws of the United States and the State of Texas."[27] Plaintiff merely seeks a declaratory judgment concerning the claims raised in the remainder of its *Complaint*. But such claims are an improper subject for declaratory judgment. *See Xtria LLC*, 2007 WL 1791252, at *3; *Old Republic Ins. Co.*, 170 F.R.D. at 368. As a result, Plaintiff's declaratory judgment claim cannot withstand Rule 12(b)(6) scrutiny.

## IV.
### CONCLUSION

33. For these reasons, Defendants respectfully request that the Court grant their Rule 12(b)(6) Motion to Dismiss, enter an Order dismissing Plaintiff's causes of action with prejudice, grant Defendants their attorneys' fees and costs incurred in defending Plaintiff's causes of action, and grant Defendants all other relief, in both law and equity, to which they may be justly entitled.

---

[27] *See* Pl.'s Orig. Compl., p. 3 (Dkt. 1) (Prayer).

Respectfully submitted,

**CRAWFORD, WISHNEW & LANG PLLC**

By: */s/ Tom H. Crawford, III*
    **Tom ("Trey") H. Crawford, III**
    Texas State Bar No. 24059623
    tcrawford@cwl.law
    **Jason T. Weber**
    Texas State Bar No. 24075251
    jweber@cwl.law

    1700 Pacific Avenue, Suite 2390
    Dallas, Texas 75201
    Telephone: (214) 817-4500
    Facsimile: (214) 817-4509

    *Counsel for Defendants TXRB Holdings, Inc. and Texas Republic Bank*

## CERTIFICATE OF SERVICE

Pursuant to FED. R. CIV. P. 5(b)(2)(e) and 5(b)(3), I hereby certify that a true and correct copy of the foregoing document was filed electronically on this 12th day of May 2020. Parties may access this filing through the Court's system. Notice of this filing will e sent to all parties by operation of the Court's electronic filing system.

    */s/ Tom H. Crawford, III*
    Tom Hill Crawford, III